United States District Court
Southern District of Texas
**ENTERED**
July 03, 2019
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| TYLER SALTZMAN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:18-CV-2878 |
| § | |
| SHELL EXPLORATION & § | |
| PRODUCTION COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM & ORDER

Before the Court is Plaintiff's Motion for Conditional Certification and Court-Authorized Notice. (Doc. No. 21.) Plaintiff asks the Court to conditionally certify a class composed of Logistics Coordinators and Wellsite Operators and to allow for notice to be distributed to the class. Defendant asks the Court to deny the Certification Motion.

### I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case. Plaintiff Tyler Saltzman ("Plaintiff") performed work for Defendant Shell Exploration & Production Company ("SEPCo" or "Defendant"). (Doc. No. 21 at 8.) Plaintiff states that he worked for SEPCo as a Logistics Coordinator from approximately August 2017 until January 2018, approximately 6 months in total. (Doc. No. 21 at 9.) He also claims to have worked informally as a Wellsite Operator in addition to his formal position. Exhibit A at ¶ 2.

Defendant is a subsidiary of Shell Oil Company and it employs third-party staffing companies, such as Petroleum Co-Ordinators, Inc. ("PCI"), to provide workers for certain positions and classifies them as independent contractors. (Doc. No. 21 at 9.) Defendant contracted with PCI for Plaintiff's services. (Doc. No. 34 at 7.)

Plaintiff claims that Defendant required him and all Logistics Coordinators and Wellsite Operators to work in excess of 40 hours per workweek without any overtime compensation. (Doc. No. 21 at 9-10.) Specifically, he alleges that SEPCo, through PCI, pays both positions a day rate, but disguises this fact by maintaining pay records that artificially divide the day rate compensation into straight time pay and overtime pay. (Doc. No. 21 at 10-11.)

## II.     APPLICABLE LAW

The Fair Labor Standards Act allows employees to sue an employer for violations of the Act's overtime provisions. Suits to recover overtime pay "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

*Conditional Class Certification*

To determine whether employees are "similarly situated" under § 216(b), courts in the Fifth Circuit look to the two-step *Lusardi* approach. *See e.g.*, *Walker v. Hongua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012). At the first step of the *Lusardi* approach, courts must decide whether notice of the action should be given to potential class members. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The court's decision at this stage is made using a "fairly lenient standard, [which] typically results in 'conditional certification' of a representative class." *Id.* at 1214; *see also Tolentino v. C & J Spec–Rent Servs. Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010) ("The remedial nature of the FLSA and § 216 militate strongly in favor of allowing cases to proceed collectively."). A plaintiff may proceed collectively only if the challenged conduct is a generally applicable rule, policy, or practice. *McKnight v. D.Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La.

2005)).

In order to obtain conditional certification, the plaintiff must make a "minimal showing" that: (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, and (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted. *Aguirre v. SBC Commc'ns, Inc.*, No. H–05–3198, 2006 WL 964554, at *6 (S.D. Tex. April 11, 2006). With regard to the second factor, "the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995–96 (E.D. Tex. 2011). In making this assessment, "the court need not find uniformity in each and every aspect of employment to determine that a class of employees is similarly situated." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 288 (N.D. Tex. 2012).

### III. ANALYSIS

Plaintiff asks the Court to certify a class comprised of both Wellsite Operators and Logistics Coordinators. Both the Wellsite Operator and the Logistics Coordinator positions are paid according to a day rate.

Plaintiff did not formally work as a Wellsite Operator, alleging instead that he sometimes performed these duties informally. His evidence of his similarities with Wellsite Operators is his own observations and experiences. Exhibit A at ¶ 5. Plaintiff's informal experiences, which lasted no more than six months, are insufficient evidence for the Court to find that Plaintiff is representative of a class composed, in part, of Wellsite Operators. While Plaintiff may have performed some duties also associated with Wellsite Operators, there is no basis for the Court to find that he is similarly situated to Wellsite Operators.

Likewise, Plaintiff's evidence of his similarity to other Logistics Coordinators comes

primarily from his own declaration wherein he claims that "[b]ased on my experience with SEPCo, my observations on location, and my conversations with co-workers, I know that SEPCo's Logistics Coordinators performed the same or similar job duties." Exhibit A at ¶ 4. This evidence is insufficient to meet the threshold for class certification. Because Plaintiff's experiences cover only six months of the relevant time period, the Court cannot find that Plaintiff has provided sufficient evidence of his similarities to other Logistics Coordinators over a three-year period.

Plaintiff's short tenure as a Logistics Coordinator and his lack of actual employment as a Wellsite Operator, without more, mean that he cannot meet the minimal showing that he similarly situated to other individuals in his proposed class.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Certification Motion.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 2 day of July, 2019.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE